IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-063-RJC-DCK

| | |
|---|---|
| ERIC HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| CHARLOTTE MECKLENBURG | ) |
| POLICE DEPARTMENT, and S. M. | ) |
| PARKER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss Complaint" (Document No. 9) and Plaintiff's "Motion For Expedition Of Case Continuance" (Document No. 17). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to dismiss be granted and the motion for expedition of case continuance be denied as moot.

I. BACKGROUND

Plaintiff Eric Hughes ("Hughes" or "Plaintiff"), appearing *pro se*, initiated this action with the filing of a "Complaint" against Defendants Charlotte Mecklenburg Police Department ("CMPD") and S. M. Parker ("Parker") (collectively, "Defendants") on January 30, 2020. (Document No. 1). In his Complaint, Plaintiff seems to bring claims against Defendants under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Id. at p. 1. Plaintiff then alleges three additional claims: (1) for "[d]iscriminatory [p]rofiling," allegedly under N.C. Gen. Stat. § 15A-306, against both CMPD

and Parker; (2) for "[m]isconduct," allegedly under N.C. Gen. Stat. § 153A-212.3, against both CMPD and Parker; and (3) for "[o]bstructing [j]ustice," under N.C. Gen. Stat. § 14-221.2, seemingly only against Parker. Id. at pp. 6-8. In total, then, the undersigned will construe Plaintiff's Complaint as alleging five claims against Defendants.

Plaintiff's claims arise out of an automobile accident "at 2 a.m. on a Friday night in a college area" in which he was injured.[1] Id. at pp. 6, 10. Plaintiff alleges that Parker, an officer for CMPD, "arrived at the scene [and] withheld/concealed known information that would have impacted the outcome of the case." Id. at p. 10. Specifically, Plaintiff contends that Parker "knew the [other] driver had been drinking and did not put it on the police report." Id. at p. 8. As described in the Complaint, Plaintiff indicates that the other driver had been drinking and "had clearly shown wild driving," but Parker did not breathalyze the other driver. Id. at p. 6. Plaintiff contends that failing to breathalyze the other driver was the result of Parker "discriminat[ing] against [him] [by] showing favor to the other driver because of her sex or based on the color of her skin." Id. Plaintiff suggests without substantiation that Parker "then attempted to not submit a police report," and only after Plaintiff and his father raised the issue with CMPD did Parker file a police report (to Plaintiff's dismay, fourteen days after the accident – too long a delay, in Plaintiff's mind). Id. at p. 7. Plaintiff further alleges that CMPD "discriminated against [him] by not allowing [him] to file a police report against their officer," despite what Plaintiff characterizes as Parker having "committed a crime." Id. at p. 6.

Plaintiff seeks as relief: (1) permission "to file a police report;" (2) criminal charges to be brought against the officer; (3) $500,000 for emotional distress, as he contends he now suffers

---

[1] The Court notes that Plaintiff's Complaint does not seem to specify when the accident occurred. However, both Defendants' memorandum in support of the motion to dismiss and Plaintiff's reply brief suggest that the accident occurred on April 30, 2016. See (Document No. 9-1, p. 1); (Document No. 11, p. 1).

from "acid reflux disease which is caused by stress;" and (4) $1,000,000 for racial and sex discrimination allegations against CMPD "and misconduct that altered the outcome of [his] accident case." Id. at pp. 3, 9.

Defendants filed the pending "Motion To Dismiss Complaint" (Document No. 9) and "Memorandum In Support Of Motion To Dismiss Complaint" (Document No. 9-1) on June 25, 2020. Plaintiff filed an "Opposition To Defendants['] Motion To Dismiss" (Document No. 11) on July 8, 2020. Defendants filed a "Notice Of Defendants' Intent To Forego Filing a Reply" (Document No. 14) on July 15, 2020. Plaintiff filed a "Motion For Expedition Of Case Continuance" (Document No. 17) on December 18, 2020. The motions have now been fully briefed and are ripe for review and a recommendation to the presiding district judge.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

3

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III.  DISCUSSION

**A. Claims Against CMPD**

The undersigned notes at the outset of the analysis that Plaintiff's claims against CMPD "must be dismissed because that entity lacks the legal capacity to be sued." Shine v. Charlotte Mecklenburg Police Dep't, 2018 WL 2943456, at *2 (W.D.N.C. June 12, 2018). "In order to successfully allege a violation of 42 U.S.C. § 1983, a plaintiff must show that a 'person' acting under the color of state law violated his constitutional rights." Id.  While the Supreme Court has held that municipalities and local governments are "persons" for the purposes of suit pursuant to § 1983, that holding was not a blanket authorization to sue all subparts that comprise a municipality. Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 690 (1978). Indeed, pursuant to Monell, even municipalities can only be sued where "their policies or customs" were the cause of a plaintiff's injury. Avery v. Burke Cty., 660 F.2d 111, 114 (4th Cir. 1981). For

4

parts of municipalities, the capacity to be sued is determined "by the law of the state where the court is located." Fed.R.Civ.P. 17(b); see Martin v. Mecklenburg Cty. Park & Recreation Dep't, 2006 WL 3780418, at * 2 (W.D.N.C. Dec. 20, 2006) ("departments of cities cannot be sued alone"). "In North Carolina, there is no statute authorizing suit against a police department." Simpson v. Starling Police Dep't, 2008 WL 1809315, at *1 (W.D.N.C. Apr. 22, 2008). The North Carolina Court of Appeals has affirmed the principle that a police department is a "component part[]" of a city "and as such lack[s] the capacity to be sued." Jones v. City of Greensboro, 277 S.E.2d 562, 576 (N.C. Ct. App. 1981), *overruled in part on other grounds by* Fowler v. Valencourt, 435 S.E.2d 530 (N.C. 1993). Thus, CMPD is not a proper Defendant, and the undersigned therefore respectfully recommends that Plaintiff's claims against it should be dismissed. The subsequent analysis will therefore focus only upon Plaintiff's claims with respect to Defendant Parker.

### B. Section 1983 Claim

Pursuant to 42 U.S.C. § 1983, Plaintiff can seek "relief for civil rights violations committed under color of state law." West v. Buncombe Cty., N.C., 2014 WL 4384021, at *3 (W.D.N.C. Sept. 3, 2014). In order to state a claim under § 1983, Plaintiff must allege: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." Jenkins v. Medford, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

Here, Plaintiff does not allege any provision of the Constitution or any federal statute that Defendant Parker allegedly violated. Although he alleges that Parker purportedly showed "favor to the other driver because of her sex or based on the color of her skin," these allegations are insufficient to state a claim pursuant to § 1983. (Document No. 1, p. 6). "Although racial discrimination claims are actionable, merely conclusory allegations of discrimination are

5

insufficient." Caballero v. Boney, 2018 WL 2292764, at *3 (W.D.N.C. May 18, 2018). Plaintiff seems to contend that Parker's failure to breathalyze the other driver and failure to include reference to the other driver's alleged intoxication in her police report was motivated by Parker's "favor" towards the other driver based on the other driver's race and sex. (Document No. 1, p. 6). However, Plaintiff does no more than speculate that Parker's actions were connected to discriminatory intent. Indeed, the Complaint refers to racial and sex discrimination in a cursory manner, without any elaboration or factual detail to support the conclusory allegations. This kind of speculation is insufficient to state a claim under the Twombly and Iqbal standards. As Defendants argue, "Plaintiff simply appears to be upset that Officer Parker failed to reach the conclusion in his investigation that Plaintiff believed he should have." (Document No. 9-1, p. 7). Without more, Plaintiff's dismay, "disappoint[ment,] and disgust" regarding the handling of the police report is not actionable as a discrimination claim under § 1983. (Document No. 11, p. 5). The undersigned therefore respectfully recommends that Plaintiff's § 1983 claim be dismissed pursuant to Rule 12(b)(6).

### C. Section 1985 Claim

Liberally construing Plaintiff's Complaint, the undersigned will also address any alleged claim pursuant to 42 U.S.C. § 1985, since he checks the § 1985 box on the first page of the Complaint. (Document No. 1, p. 1). Section 1985 provides a statutory vehicle for stating a claim for civil conspiracy. Nowhere in Plaintiff's Complaint does he use the word "conspiracy," and it is not clear what part of the statute he would purport to state a claim under. The undersigned will assume for purposes of the subsequent analysis that Plaintiff meant to state a claim pursuant to either 42 U.S.C. § 1985(2) or 42 U.S.C. § 1985(3).

In order to state a claim pursuant to 42 U.S.C. § 1985(3), for "conspiracy to deny equal protection of the laws," Plaintiff must allege:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by defendants in connection with the conspiracy.

Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). Additionally, if Plaintiff intended to state a claim pursuant to § 1985(2), he would need to prove that "two or more persons conspire[d] for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice…with intent to deny any citizen the equal protection of the laws."

First, given that the undersigned respectfully recommends that Plaintiff's claims against CMPD be dismissed because CMPD is an improper Defendant, Parker is the sole remaining Defendant. Thus, Plaintiff cannot plausibly allege – based on Parker being the only capable party of being sued – that there was a conspiracy between two or more persons. Nor does he. Nowhere, as stated, does Plaintiff even use the word "conspiracy." Parker cannot conspire with himself. Hughes thus fails on the first element of each part of the statute. Even *if* CMPD were hypothetically retained in the present suit as a proper Defendant, the intracorporate conspiracy doctrine as applied to section 1985 claims would bar Plaintiff's claim. CMPD could not conspire with Parker, because Parker was employed by CMPD as an officer. "It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy…and it is the general rule that the acts of the agent are the acts of the corporation." Locus v. Fayetteville State Univ., 870 F.2d 655 (4th Cir. 1989).

The undersigned therefore respectfully recommends that Plaintiff's section 1985 claim – if he did in fact intend to state one – be dismissed for failure to state a claim under Rule 12(b)(6).

### D. North Carolina Statutory Claims

Plaintiff purports to allege three additional claims under various North Carolina statutes against Parker. At the outset, the undersigned highlights that only one of these claims is pursuant to an actual statute – Plaintiff's claim for "[o]bstructing [j]ustice" under N.C. Gen. Stat. § 14-221.2. (Document No. 1, p. 8). Both N.C. Gen. Stat. § 15A-306 (under which Plaintiff purports to state a claim for "[d]iscriminatory [p]rofiling") and N.C. Gen. Stat. § 153A-212.3 (under which Plaintiff purports to state a claim for "[m]isconduct") are merely placeholders in the statutory structure – they are reserved for later codification.

Plaintiff's third count is the only claim brought under a now-existing North Carolina statute. Nonetheless, it, too, fails under 12(b)(6). N.C. Gen. Stat. § 14-221.2 is a criminal statute for "[a]ltering court documents or entering unauthorized judgments." "Plaintiff cannot bring a claim against Defendant[s] under North Carolina's criminal statute regarding obstruction of justice." Williams v. Hetzel, 2012 WL 2577042, at *2 (W.D.N.C. July 3, 2012) (citing § 14-221.2). Each of Plaintiff's three statutory claims under North Carolina law are therefore frivolous. Thus, the undersigned further recommends that Plaintiff's claims pursuant to the three North Carolina statutes that he cites be dismissed for failure to state a claim under Rule 12(b)(6).[2]

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion To Dismiss Complaint" (Document No. 9) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Plaintiff's "Motion For Expedition Of Case Continuance" be **DENIED as moot**.

---

[2] The Court notes that it finds Plaintiff's Complaint so lacking in detail and plausibility under a 12(b)(6) analysis that it declines to address the Defendants' other arguments regarding subject-matter jurisdiction, personal jurisdiction, and deficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(5).

8

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: May 6, 2021

_____
David C. Keesler
United States Magistrate Judge